UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN R. ANDOE,<br><br>      Plaintiff,<br><br>  v.<br><br>UNITED STATES SECRETARY OF STATE; UNITED STATES ATTORNEY GENERAL; CORRECTIONAL CORPORATION OF AMERICA; SAGUARO CORRECTIONAL CENTER; and TRANSCORE OF AMERICA,<br><br>      Defendants. | Case No. 1:23-cv-00326-AKB<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

  Plaintiff John R. Andoe has filed a "Civil Action" or Complaint (Dkt. 1) and paid the filing fee. Because Plaintiff is an inmate seeking redress from a governmental entity or officer, he cannot proceed without authorization from the Court, even though he paid the filing fee. 28 U.S.C. § 1915A(a).

  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Claims are subject to summary dismissal if they are frivolous, malicious, or fail to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b). A "frivolous" claim lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). To *lack an arguable basis in law* means a claim is "based on an indisputably meritless legal theory." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Factual contentions that are "*clearly baseless*" include those that "describ[e] fantastic or delusional

INITIAL REVIEW ORDER BY SCREENING JUDGE - 1

scenarios," *id*., "rise to the level of irrational or the wholly incredible," *id*., or are "fanciful factual allegation[s]." *Neitzke*, 490 U.S. at 325 (emphasis added).

## REVIEW OF COMPLAINT

In this action, Plaintiff desires to "confirm an executive branch United States Government/Agency final judgment." (Dkt. 1, p. 1). He asserts that his state criminal conviction has subjected him to "unconstitutional imprisonment," because the judgment "was had by 'FRAUD,' 'IDENTITY THEFT,' 'Common Law Corporation TRADE NAME, ALL CAPITAL LETTERS NAME INFRINGEMENT,' etc." (*Id*.). He further explains that he has "established and shown 'FRAUD ON THE COURT' issue over saying Name all capital letters that sounds like the Johnny Ray Andoe private person, Deception that is FRAUD by law ending in conviction that shall not stand, shall be vacated, by court or Recipient's Immediately." (Dkt. 3, p. 18). He asserts that his criminal action is void because the "live human 'Johnny Ray Andoe' lacks on his own without acting as trustee to the 'JOHNNY RAY ANDOE,' trust res, capacity to sue or be sued. F.R.C.P. 17(b)." (Dkt. 1, p. 3).

The content of the Complaint shows that this cause of action is derived from popular but erroneous "Constitutionalist" or "sovereign citizen" theories of government, evidenced by Plaintiff's references to himself as a "live human" and a "trustee" for himself, and his objections to having his name appear in all-capital letters on pleadings. (*See* Dkt. 1, pp. 1-3). He has also filed a supplement that includes a "Reservation of All Rights Under the Uniform Commercial Code," declaring that he is a "sovereign citizen." (Dkt. 3, p. 5).

This frivolous legal theory originated in the context of tax protests and generally is advanced to challenge state and federal laws and judgments. The theory (in all of its various forms) has been consistently rejected by the courts. *See United States v. Studley*, 783 F.2d 934, 937 (9th

Cir. 1986) (holding that Studley's argument that "she is not a 'taxpayer' because she is an absolute, freeborn and natural individual . . . is frivolous. An individual is a 'person' under the Internal Revenue Code."); *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992) (concluding that defendant's argument that he was a citizen of the Republic of Idaho and not a U.S. citizen and therefore outside the jurisdiction of the United States was "completely without merit" and "patently frivolous"); *see also* Francis X. Sullivan, *The Usurping Octopus of Jurisdictional Authority: The Legal Theories of the Sovereign Citizen Movement*, 1999 Wis. L. Rev. 785 (1999). Because the claims in the Complaint are based on an indisputably meritless legal theory, the entire Complaint will be dismissed with prejudice.

In addition, because Plaintiff asserts that he is wrongfully imprisoned as a result of the capital letters mix-up between a nonexistent and a live person, his claims are subject to dismissal for failure to state a claim upon which relief can be granted. Release from incarceration is not a remedy available in a civil rights action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding when a state prisoner seeks "a determination that he is entitled to immediate release or a speedier release from . . . imprisonment, his sole federal remedy is a writ of habeas corpus").

Because this entire action is frivolous and fails to state a claim upon which relief can be granted, the Court will dismiss it under § 1915A.[1]

---

[1] Even though Plaintiff is not attempting to proceed in forma pauperis here, the Court notes that Plaintiff has "three strikes." Plaintiff's case history shows that, prior to the date he filed the Complaint in this action, he brought at least three civil actions that were dismissed for failure to state a claim or for frivolousness. *See, e.g.*, *Andoe v. Kemph*, 1:16-cv-00287-DCN (Dkt. 57) (D. Idaho June 11, 2018); *Andoe v. Obama*, 1:16-cv-00395-BLW (Dkt. 62) (D. Idaho Nov. 30, 2018); *Andoe v. Kempf*, 1:17-cv-00006-DCN (Dkt. 32) (D. Idaho Dec. 10, 2018); *Andoe v. Atencio*, 1:18-cv-00199-BLW (Dkt. 21) (D. Idaho March 15, 2019); *Andoe v. Dewalt*, 1:20-cv-00266-BLW (Dkt. 13) (D. Idaho Nov. 4, 2020).

INITIAL REVIEW ORDER BY SCREENING JUDGE - 3

**PLAINTIFF'S PENDING MOTIONS**

Plaintiff John Andoe desires to add another plaintiff, Ralph Andoe, to this cause of action. (Dkts. 9, 10). Ralph Andoe did not sign any pleading. John Andoe is not a licensed attorney, and therefore he may not maintain a court action of any kind on behalf of another person, including Ralph Andoe. *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987); *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962).

Plaintiff's motions that request entry of an order granting him relief on the merits of his claim are denied. (Dkts. 12, 14). Based on the foregoing analysis, Plaintiff is not entitled to a "confirmation of an arbitration award," "default judgment," or "summary judgment."

**ORDER**

**IT IS ORDERED:**

1. Plaintiff's Complaint (Dkt. 1) is DISMISSED on the basis of frivolousness and failure to state a claim upon which relief can be granted.
2. Plaintiff's Motion for Service of Waiver (Dkt. 5) is DENIED.
3. Plaintiff's Motion to Add Additional Defendant (Dkt. 9) is DENIED.
4. Plaintiff's Motion Requesting Court to Mail Envelopes (Dkt. 11) is DENIED.
5. Plaintiff's Motion to Confirm Arbitration Award and Default Judgment (Dkt. 12) is DENIED.
6. Plaintiff's Motion for Summary Judgment (Dkt. 14) is DENIED.

DATED: November 30, 2023

Amanda K. Brailsford
U.S. District Court Judge